[No. 13651.  Department Two.  February 14, 1917.]

JACOB SCHWEITER, *Respondent*, v. JOSEPH J. HOOKER *et al.*, *Appellants*.[1]

HUSBAND AND WIFE—SEPARATE PROPERTY—MORTGAGE — SIGNATURE OF WIFE.  Where a man obtained record title to land by fraud, his wife has no community interest in the property; hence a mortgage thereon is not invalid because not signed by the wife, as against an innocent mortgagee.

SAME—MORTGAGES—RATIFICATION BY WIFE.  A wife signing a conveyance of land subject to a mortgage purporting to be signed by her, ratifies the mortgage.

SAME—FORECLOSURE—DEFENSES—RATIFICATION.  One who accepts a deed subject to a mortgage cannot, as against an innocent mortgagee, defend a suit to foreclose the mortgage on the ground that the mortgage was not signed by the wife of the mortgagor.

ESTOPPEL—LACHES.  The owner of property who suffers another to take title and accepts a deed from him subject to mortgage and pays interest on the mortgage for three years, is guilty of laches precluding any defense to a suit to foreclose the mortgage.

Appeal from a judgment of the superior court for Asotin county, Miller, J., entered July 3, 1916, upon findings in favor of the plaintiff, in an action to foreclose a mortgage, tried to the court.  Affirmed.

*C. H. Baldwin*, for appellants.

*E. J. Doyle*, for respondent.

FULLERTON, J.—This is an appeal from a decree foreclosing a mortgage held by respondent.  The record discloses that appellants, J. J. Hooker and wife, owned 480 acres of land in Klickitat county, Washington.  R. L. Hooker, a brother of J. J. Hooker, was a real estate agent with offices at Spokane, and through his activities the land in Klickitat county was traded for an apartment house in Spokane.  By some means, not clearly pointed out in the evidence, R. L.

[1]Reported in 162 Pac. 981.

Hooker fraudulently caused his own name to be inserted as grantee in the deed which conveyed title to the apartment house in consideration of the land in Klickitat county. Subsequently R. L. Hooker traded the apartment house for the land in controversy, taking a deed thereto again in his own name. At the time he received title to this land he was a married man. On April 12, 1913, he executed a note, and to secure the same he also executed a mortgage on the premises in question. This mortgage appears, in part at least, to have been an extension of a previous mortgage on the premises, and was signed "R. L. Hooker" and "Frona Hooker." Shortly afterwards R. L. Hooker and wife executed a deed purporting to convey title to these premises to J. J. Hooker, and the same was delivered to him some time in May or June, 1913. This deed specifically provided that the land was conveyed free from all incumbrances except the mortgage in question. J. J. Hooker accepted the deed and paid interest on the mortgage for a period of time approximating two years. Respondent then instituted this action for the purpose stated above. R. L. Hooker, Frona Hooker, his wife, and J. J. Hooker and wife were named as defendants therein. R. L. Hooker and wife failed to appear and allowed a default to be taken against them, but J. J. Hooker and wife appeared and set up the defense that Frona Hooker's signature to the mortgage was a forgery and that the mortgage was therefore void. From a decree foreclosing the mortgage, J. J. Hooker and wife alone have appealed.

Appellants argue that, since the signature of Frona Hooker was a forgery and she had a community interest in the property, the mortgage is absolutely void and cannot be ratified. Several cases are cited to support this contention, but they are all cases where the injured wife is complaining against her husband. Here neither Frona nor R. L. Hooker is a party to the appeal, and this is a controversy between an innocent mortgagee and a subsequent grantee. In any event, even granting that the signature of Frona Hooker was

forged, appellants' contention cannot prevail. We think it erroneous to assume that this property was the community property of R. L. Hooker and wife, for from the very inception of these transactions gross fraud was practiced by R. L. Hooker in getting paper title to the apartment house and the land in question in his own name. In equity and good conscience he had no title to this land, and the best that can be said of his alleged interest therein is that he held it as a naked trustee for J. J. Hooker. This being true, it follows that it was not the community property of R. L. Hooker and wife, and the mortgage, therefore, was not invalid because not signed by Frona Hooker.

The fact that J. J. Hooker accepted a deed to these premises providing that the land was subject to this mortgage, and paid taxes on the same, tends to support this theory of the case. As he got exactly what this deed purported to convey, he should not be allowed to use as a defense in an action to foreclose the mortgage, instituted by an innocent mortgagee, the fact that Frona Hooker's signature thereto was forged; thus getting more than the deed purported to convey, viz., the land without this incumbrance, and also depriving the mortgagee of this land as security for the money loaned in good faith. It is not disputed that Frona Hooker signed the deed of these premises to J. J. Hooker subject to this mortgage. By so doing she ratified the same, and by defaulting in this action she impliedly admits the validity of the mortgage. It becomes apparent, therefore, that J. J. Hooker is not entitled to raise the question of the validity of the mortgage, since he would not be injured if the mortgage were declared valid; and the only person who would be injured, viz., Frona Hooker, has ratified and admitted the validity of the same.

To allow appellants to prevail would also violate the well established rule that whenever one of two innocent persons must suffer, he who has enabled a third person to occasion the loss must sustain it. As J. J. Hooker by his lax busi-

ness methods permitted R. L. Hooker to obtain paper title to the premises in question, and by accepting a deed from him ratified such paper title, and by waiting three years and paying interest to respondent during that time misled respondent, he is guilty of laches.

The judgment is affirmed.

MORRIS, PARKER, HOLCOMB, and WEBSTER, JJ., concur.